UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 99-108-KSF
(CIVIL ACTION NO. 11-07164-KSF)

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                           **OPINION & ORDER**

JOSEPH ANTHONY LUNEY                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion filed by the Defendant, Joseph Anthony Luney, styled as "Pro Se Motion to Vacate Judgment Denying Relief Under Title 28 U.S.C.S. 2255, Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure" [DE #86]. The United States did not file a response to Defendant's motion. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration. After reviewing *de novo* the Magistrate Judge's Report and Recommendation [DE #88] and Defendant's Objections [DE #89], this Court ADOPTS and INCORPORATES the decision of the Magistrate Judge and CONSTRUES Defendant's motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and TRANSFERS Defendant's motion to the Sixth Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

On December 8, 1999, Defendant was indicted for armed bank robbery. [DE #1]. On February 14, 2000, pursuant to a plea agreement with the United States, Defendant pled guilty to aiding and abetting in armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Count

1), and aiding and abetting using, carrying, and brandishing a firearm during and in relation to a robbery, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 2). [DE #1, 32]. On May 12, 2000, Defendant was sentenced to imprisonment for a term of thirty-three months on Count 1 and one hundred twenty months on Count 2, to run consecutively, to be followed by a five-year term of supervised release. [DE #45].

On April 23, 2001, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging that: (1) his counsel was ineffective for failing to file a notice of appeal as Defendant had allegedly directed; and (2) that Defendant was sentenced for an offense that was not charged in the Indictment, in violation of his Fifth and Sixth Amendment rights. [DE #50]. An evidentiary hearing limited to Defendant's ineffective assistance of counsel claim was held by United States Magistrate Judge James B. Todd on July 10, 2003. [DE #70]. Magistrate Judge Todd did not appoint counsel to represent Defendant at this hearing. Ultimately, Magistrate Judge Todd determined that neither of Defendant's claims had merit. [DE #76]. Specifically, in his February 19, 2004 Proposed Finding of Fact and Recommendation, Magistrate Judge Todd found that, contrary to Defendant's allegation, he did not request his counsel to file a notice of appeal on his behalf and, therefore, his claim that his counsel was ineffective for not having done so was without merit. [*Id*. at 9-10]. With respect to Defendant's second claim, Magistrate Judge Todd rejected Defendant's argument that, since Defendant was charged in Count 2 with a violation of 18 U.S.C. § 924(c), but his sentence was imposed under 18 U.S.C. § 924(c)(1)(B)(I), he was improperly sentenced on an offense for which he was not charged. [*Id*. at 10]. Rather, Magistrate Judge Todd found that "[t]he fact that the indictment did not specify the precise subsection of § 924(c) that would be applicable for sentencing purposes is irrelevant and did not change the fact that [Defendant] was charged with

2

a semiautomatic assault weapon, knew that he had been charged with a semiautomatic assault weapon, and knew that the penalty associated with the semiautomatic assault weapon was a sentence of 'not less than 10 years,' as explained to him by his counsel, as noted in the Plea Agreement, as noted in the presentence report and as acknowledged by [Defendant] at his rearraignment hearing." [*Id*. at 11]. Thus, Magistrate Judge Todd concluded that Defendant's claim that he received a ten-year sentence on an offense for which he was not charged in the Indictment was without merit. [*Id*.]. Magistrate Judge Todd further rejected Defendant's reliance on *Castillo v. United States*, 530 U.S. 120 (2000), finding that *Castillo* was factually distinguishable and, regardless, *Castillo* was decided after Defendant's conviction became final and does not apply retroactively to cases under collateral review under § 2255. [*Id*. at 11-12].

Defendant objected to Magistrate Judge Todd's Report and Recommendation on the sole ground that the magistrate judge did not appoint counsel to represent Defendant at the evidentiary hearing on Defendant's ineffective assistance of counsel claim. [DE #77]. This Court agreed that counsel was required, but further found that, since the evidentiary hearing only addressed Defendant's claim of ineffective assistance of counsel, only this claim was affected by this error. [DE #78 at 5-6]. Accordingly, on March 15, 2004, this Court remanded the case back to Magistrate Judge Todd for an evidentiary hearing on only the ineffective assistance of counsel claim, and ordered that counsel be appointed to represent Defendant at this hearing. [*Id*. at 6]. However, with respect to Defendant's claim that he was incorrectly sentenced on Count 2 for a violation with which he was not charged in the Indictment, this Court noted that Defendant did not object to Magistrate Judge Todd's finding that this claim was without merit. [*Id*.]. Further, this Court reviewed and agreed with Magistrate Judge Todd's conclusion. [*Id*.]. Thus, with respect to Magistrate Judge

3

Todd's rejection of Defendant's claim that he was incorrectly sentenced on Count 2 for a violation with which he was not charged, the Court adopted Magistrate Judge Todd's Proposed Findings of Fact and Recommendation as its own opinion. [*Id*.].

On May 18, 2004, this matter was called for a second evidentiary hearing on Defendant's ineffective assistance of counsel claim. [DE #85]. At this hearing, Defendant, who was represented by counsel, orally moved to withdraw his § 2255 motion. [*Id*. at 1]. Magistrate Judge Todd placed Defendant under oath and questioned Defendant to determine whether he had had sufficient time to consult with his counsel regarding this matter, whether he was satisfied with the representation of his counsel appointed to represent him in this matter, and to inquire whether he wanted to proceed with his oral motion to withdraw, as the granting of Defendant's motion would result in the dismissal of his § 2255 motion with prejudice. [*Id*.]. In response, Defendant stated that he was satisfied with the representation of his counsel in this matter and that he wanted to proceed with his oral motion to dismiss. [*Id*.]. Accordingly, Magistrate Judge Todd granted Defendant's motion and dismissed his § 2255 motion with prejudice on May 18, 2004. [*Id*. at 2].

Almost seven years later, on April 7, 2011, Defendant filed the instant motion seeking to vacate the May 18, 2004 Judgment dismissing his initial § 2255 motion, purportedly under Rule 60(b)(6) of the Federal Rules of Civil Procedure. [DE #86]. In his motion, Defendant argues that he is entitled to relief on the grounds that his counsel for his second evidentiary hearing was ineffective. Despite Defendant's previous testimony that he was satisfied with counsel's representation of him, he now complains that habeas counsel did not consult with him until the day before the hearing and was antagonistic; failed to file any motions on his behalf, such as a motion to amend his petition; and allegedly misadvised him regarding the merits of his improper sentencing

claim and his ineffective assistance of trial counsel claim. [*Id*. at 6-7].  Defendant claims that his habeas counsel's alleged "abandonment" of him resulted in his being compelled to dismiss his § 2255 motion, prevented him from appealing, affected the integrity of his habeas proceeding and amounts to a complete denial of counsel. [*Id*. at 8-9].  Defendant further continues to argue that he was improperly sentenced under Count 2 of the Indictment for an offense with which he was not charged, relying on *United States v. O'Brien*, 130 S.Ct. 2169 (2010), which, according to Defendant, re-affirms *Castillo*. [*Id*. at 8]. For all of these reasons, Defendant requests that his habeas proceeding be reopened and that an evidentiary hearing be held regarding his habeas counsel's performance. [*Id*. at 10].

## II.    MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.  As a threshold matter, Magistrate Judge Candace J. Smith considered whether this Court has jurisdiction to address Defendant's motion.  Although Defendant purports to rely on Rule 60(b)(6) as grounds for his motion, he also cites to 28 U.S.C. § 2255 and relies on arguments that were originally presented in his first § 2255 motion, such as his argument that he was sentenced for an offense that was not charged in the Indictment.  Whether Defendant's motion is a proper Rule 60 motion or a second § 2255 motion is critical, because the Antiterrorism and Effective Death Penalty Act (AEDPA) prohibits filing a second or successive § 2255 motion without authorization from the appropriate Court of Appeals, which, in this case, is the Sixth Circuit Court of Appeals.  28 U.S.C. §§ 2255(h), 2244.  As Defendant has not obtained prior authorization to file a successive § 2255 motion, if his motion constitutes a second § 2255 motion, this Court lacks jurisdiction to consider the motion.  28 U.S.C. §2244.  *See also Burton v. Stewart*, 549 U.S. 147, 152-153 (2007)(district

court was without jurisdiction to entertain second or successive habeas application for which petitioner did not seek, much less obtain, authorization to file from the appropriate court of appeals). Thus, as noted by Magistrate Judge Smith, the Court must carefully examine Defendant's "Rule 60" motion to ensure that he is not attempting to use Rule 60 as a means of avoiding the AEDPA restrictions on successive § 2255 motions.

A Rule 60(b)(6) motion is actually a second or successive § 2255 motion if it asserts a claim. *See Gonzalez v. Crosby*, 545 U.S. 524, 520 (2005).[1] As explained in *Gonzalez*,

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief...will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id*. at 532 (emphasis in original).

The Court specified that, in this context, the term "on the merits" refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. 2254(a) and (d)." *Id*. at 532 n.4. Thus, a Rule 60(b) motion that "merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" is not construed as a second or successive habeas petition. *Id*. The Court further explained that "*an attack based on the movant's*

---

[1]As correctly noted by Magistrate Judge Smith, although the United States Supreme Court in *Gonzalez* explicitly limited its holding to habeas petitions brought pursuant to 28 U.S.C. § 2254, *Gonzalez*, 545 U.S. at 529 n.3, the Sixth Circuit has held that the Supreme Court's reasoning and analysis also applies to motions made pursuant to § 2255. *In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007).

own conduct, *or his habeas counsel's omissions...*, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id*. at 532 n.5 (emphasis added).

Similarly, the Sixth Circuit has construed a Rule 60(b) motion alleging ineffective assistance of habeas counsel as a second or successive habeas petition. *Post v. Bradshaw*, 422 F.3d 419, 424-425 (6th Cir. 2005). In *Post*, Post alleged that the failure of his habeas counsel to pursue discovery after obtaining permission to do so from the district court justified relief under Fed.R.Civ.Pro. 60(b)(6) from the judgment denying his habeas petition on the merits. *Id*. at 421. In holding that Post's Rule 60(b) motion was actually a second or successive habeas petition, the court explained:

> Post's Rule 60(b) motion seeks to advance, through new discovery, claims that the district court previously considered and dismissed on substantive, constitutional grounds: i.e., on the merits. The motion is therefore a second or successive habeas petition. It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings, namely his counsel's failure - after obtaining leave to pursue discovery - actually to undertake that discovery; all that matters is that Post is "seek[ing] vindication of" or "advanc[ing]" a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition.

*Id*. at 424-425 (citing *Gonzalez* at 125 S.Ct. at 2647-48).

Likewise, in *Hourani v. U.S.*, 239 Fed.Appx. 195 (6th Cir. Aug. 10, 2007)(unpublished), the Sixth Circuit rejected Hourani's argument that his Rule 60(b) motion for relief from the district court's order denying his § 2255 motion was not a second or successive § 2255 motion. *Id*. at 197. Hourani's Rule 60(b) motion argued that the district court misunderstood the nature of the issue presented and, therefore, ruled incorrectly on his claim of ineffective assistance of counsel raised in his original § 2255 motion. *Id*. at 196. Hourani argued that his Rule 60 motion did not seek a reevaluation on the merits of his ineffective assistance of counsel claim, nor did it raise a new claim,

7

but rather attacked the integrity of the proceedings because the district court never squarely addressed the merits of his ineffective assistance of counsel claim. *Id*. at 197. However, the Sixth Circuit found that the substance of Hourani's Rule 60(b) motion was that Hourani's habeas counsel failed to present his ineffective assistance of counsel claim properly, leading the district court to rule on a claim different from what Hourani intended. *Id*. at 197-198. The court explained that "[t]his kind of argument presents an issue of counsel's performance, not a claim of error on the part of the district court." *Id*. at 198. Noting *Gonzalez* and *Post*, the court held that the district court did not err in determining that Hourani's Rule 60(b) motion was really a second or successive § 2255 motion. *Id*. As the court explained, "[i]f the district court failed to understand the 'real' claim being made, Hourani's counsel is at fault and such 'error' is not the kind for which Rule 60(b) can be used to circumvent limits on second or successive § 2255 motions." *Id.*

In this case, after reviewing Defendant's motion, Magistrate Judge Smith determined that Defendant's "Rule 60" motion is actually a second or successive § 2255 motion. In his motion, Defendant argues that the allegedly incorrect advice as to the validity of his claims rendered by his habeas counsel prior to his evidentiary hearing effectively denied him a fair hearing. Magistrate Judge Smith found that this argument constitutes an attack on counsel's omissions during the evidentiary hearing and does not attack the integrity of the proceeding itself. Accordingly, under *Gonzalez* and *Hourani*, Defendant's motion should be construed as a second or successive § 2255 motion.

Magistrate Judge Smith further noted that a close examination of the substance of Defendant's motion reveals that he is indirectly attacking this Court's previous denial of his improper sentencing claim, thus bolstering her conclusion that Defendant's motion should be

8

construed as a second or successive § 2255 motion. Although Defendant briefly mentions in passing that habeas counsel met with him once and was antagonistic regarding Defendant's claim against his trial counsel, the crux of Defendant's complaint against his habeas counsel is that Defendant was misadvised as to the merit of his argument that he was sentenced for an offense not charged in the Indictment. [*See, e.g.*, DE #86 at 8 ("The petitioner would submit that in light of the *O'Brien* decision, he was correct in his legal claims concerning the section 924(c) conviction/sentence, but more importantly, petitioner would submit to this Honorable Court that the conduct of [habeas counsel] affected the integrity of his section 2255 proceeding when she only spoke/consulted with this petitioner one time before the habeas hearing and then misadvised him concerning the law.")]. However, as noted by Magistrate Judge Smith, Defendant's claim that he was sentenced for an offense not charged in the Indictment has already been considered and denied on the merits by this Court, and the evidentiary hearing was limited only to Defendant's ineffective assistance of trial counsel claim. Thus, even if habeas counsel had misadvised Defendant as to the merits of his improper sentencing claim, that advice could not have affected the integrity of the evidentiary hearing because Defendant's sentencing claim was no longer at issue. Regardless, by continuing to argue that his improper sentencing claim has merit, Defendant makes clear that his Rule 60 motion actually attacks the merits of this Court's previous denial of his § 2255 claim on those grounds.

In addition, Magistrate Judge Smith further analyzed Defendant's argument that his habeas counsel misadvised him about the merits of his ineffective assistance of trial counsel claim. Specifically, Defendant argued that his ineffective assistance of trial counsel claim was valid because he "realized [trial] counsel failed to present the extrinsic evidence he prepared prior to filing his initial 2255 motion." [DE #86 at 9]. Magistrate Judge Smith found that this constitutes a new

9

argument as to why his trial counsel was ineffective, thus strengthening her conclusion that Defendant's Rule 60 motion is actually a second or successive § 2255 motion. Magistrate Judge Smith further found that Defendant's request for a hearing to purportedly receive evidence of habeas counsel's representation of Defendant would inevitably involve an examination of the accuracy or reasonableness of habeas counsel's advice, which then would require an inquiry into Defendant's underlying claims. As in *Hourani*, this would result in a merit-based attack on this Court's prior decision to deny Defendant's claims.

For all of these reasons, Magistrate Judge Smith concluded that Defendant's Rule 60 motion constitutes a second or successive § 2255 motion over which this Court does not have jurisdiction. Accordingly, Magistrate Judge Smith recommended that Defendant's motion be transferred to the Sixth Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 1631.

### III. ANALYSIS

Defendant filed objections to Magistrate Judge Smith's proposed findings of fact and recommendation on May 25, 2011. [DE #89]. In his objections, Defendant argues that, contrary to Magistrate Judge Smith's findings, this Court does have jurisdiction over his motion, as his motion argues that he was denied a fair habeas corpus proceeding. Specifically, Defendant argues that "since he is not seeking to raise a new constitutional claim, nor present an alternative legal argument in the instant motion, that the instant motion should not be construed as a 'second or successive' motion, as the instant motion is only contesting the conduct of counsel with respect to the earlier proceeding when counsel convinced this petitioner that his arguments had no merit and that the sentence was valid with respect to the 18 U.S.C.S. 924(c) charge." [*Id*. at 2].

This Court must make a *de novo* determination of those portions of Magistrate Judge Smith's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). Here, the Court agrees with Magistrate Judge Smith that Defendant's "Rule 60" motion is actually a second or successive § 2255 motion.

Although Defendant purports to be challenging the integrity of his prior federal habeas proceeding, a close examination of the substance of his claims reveals that he is actually attacking his habeas counsel's performance and this Court's prior resolution of his claim that he was improperly sentenced for an offense not charged in the Indictment. In fact, Defendant's objections to Magistrate Judge Smith's Report and Recommendation make clear that Defendant's motion contests "the conduct of counsel with respect to the earlier proceeding when counsel convinced this petitioner that his arguments had no merit and that the sentence was valid with respect to the 18 U.S.C.S. 924(c) charge." [DE #89 at 2]. As in *Hourani*, Defendant's motion raises issues of counsel's performance that are not the type of "errors" for which Rule 60(b) may be used to circumvent limits on second or successive § 2255 motions. *Hourani*, 239 Fed.Appx. at 198.

In addition, Defendant's motion indirectly attacks the merits of this Court's prior ruling denying his improper sentencing argument. As in *Post*, "[i]t makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings," in this case, habeas counsel's conduct in convincing Defendant that his arguments in his § 2255 motion had no merit. *Post*, 422 F.3d at 424. Rather, all that matters is that Defendant is "'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition." *Id*. at 424-425. Thus, for these reasons, and for the additional reasons set forth more fully

by Magistrate Judge Smith in her Report and Recommendation, Defendant's § 2255 motion must be construed as a second or successive § 2255 motion.

Moreover, Defendant's objections to Magistrate Judge Smith's Report and Recommendation are unavailing. As noted above, in his objections, Defendant only makes more clear that he is attacking his habeas counsel for convincing him that his arguments in his prior § 2255 motion had no merit. In addition, Defendant continues to argue the merits of his claim raised in his initial § 2255 motion that he was improperly sentenced for an offense for which he was not charged in the Indictment. Accordingly, Defendant's objections only serve to bolster Magistrate Judge Smith's conclusion that his Rule 60 motion must be construed as a second or successive § 2255 motion.[2]

For all of these reasons, Magistrate Judge Smith's Report and Recommendation will be adopted as and for the opinion of this Court. As determined by Magistrate Judge Smith, Defendant's Rule 60 motion is properly construed as a second or successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[3] Defendant has not obtained authorization pursuant

---

[2] In his objections, Defendant does not address Magistrate Judge Smith's conclusions with respect to his argument that his habeas counsel also misadvised him regarding the merits of his ineffective assistance of trial counsel claim. However, the Court notes that it agrees with Magistrate Judge Smith that Defendant's arguments in his Rule 60 motion constitute new arguments in support of his ineffective assistance of trial counsel claim. Accordingly, under *Gonzalez*, Defendant's arguments constitute "claims" that further support construing Defendant's Rule 60 motion as a second § 2255 motion. *Gonzalez*, 545 U.S. at 532.

[3] As noted by Magistrate Judge Smith, although a district court is generally required to provide a defendant with notice and the opportunity to withdraw a motion before that motion is recharacterized as a § 2255 motion, the purpose of that rule is to ensure that a defendant knowingly took advantage of his one chance to file the motion. *In re Shelton*, 295 F.3d 620, 621-22 (6th Cir. 2002). When, as here, a defendant has previously filed a § 2255 motion, this rule is of no consequence. *In re Nailor*, 487 F.3d at 1023 n.3. Moreover, Defendant has consistently argued that his motion should not be considered a second or successive § 2255 motion. Accordingly, he was well aware of the consequences of such a classification.

to 28 U.S.C. § 2244(b)(3) to file such a motion. Accordingly, this Court lacks jurisdiction to consider Defendant's second § 2255 motion and will transfer it to the Sixth Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47 ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

After having considered Defendant's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with Magistrate Judge Smith's Report and Recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) Magistrate Judge Smith's Report and Recommendation [DE #88] is ADOPTED as and for the opinion of the Court;

(2) the Defendant's objections to Magistrate Judge Smith's Report and Recommendation [DE #89] are OVERRULED;

(3) the Defendant's filing [DE #86] shall be CONSTRUED as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255;

(4) Defendant's Motion shall be TRANSFERRED to the Sixth Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 1631; and

(5) This action shall be STRICKEN from the active docket of the Court.

This September 28, 2011.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**